UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGHTON B. DOREY, IV,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM GORE, County Sheriff,<br><br>Respondent. | Case No.: 20-CV-1772 TWR (MSB)<br><br>**ORDER (1) DISMISSING CASE WITHOUT PREJUDICE AND (2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>(ECF No. 2) |

Petitioner, a person detained at the San Diego County San Diego Central Jail awaiting retrial following a hung jury, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1–2.)  He states that he is currently proceeding pro se in state court preparing for retrial, and that his rights to due process, a fair and speedy trial, and meaningful access to the courts are being denied because the San Diego Central Jail "does not afford the petitioner ample and appropriate law library access as required by the extraordinarily complex and challenging demands of a capital murder defense, and the jail thus bars the petitioner from meaningful access to the Court, and from participating in a fair and speedy trial."  (ECF No. 1 at 6, 13–14.)  He seeks an order from this Court requiring the Central Jail to allow him 20-30 hours per week of law library time.  (*Id.* at 14.)

///

**ABSTENTION**

The Petition must be dismissed because it is clear this Court is barred from consideration of the claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  *Id*. at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings").  These concerns are particularly important in the habeas context.  *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).  All three of these criteria are satisfied here.  Petitioner indicates he is currently housed at the San Diego County Central Jail undergoing pre-trial proceedings with respect to a second trial on capital charges.  (ECF No. 1 at 13–14.)  Criminal proceedings involve important state interests.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (citing *Younger*, 401 U.S. at 44).  Petitioner's claim that he is not being provided adequate time in the law library to prepare for his trial is the type of claim state courts provide an opportunity to litigate, and his request for injunctive relief by this Court to ensure he has adequate access to the law library is the type of relief prohibited by the abstention doctrine.  *See Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")  Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings and the Petition must therefore be dismissed without prejudice for Petitioner to pursue his claims in state court.  *See Juidice*

*v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice. Petitioner's claims challenging his pre-trial proceedings are dismissed without prejudice under *Younger* abstention. Petitioner's motion to proceed in forma pauperis is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: October 21, 2020

_____
Honorable Todd W. Robinson
United States District Court