UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGHTON B. DOREY, IV,<br><br>                         Petitioner,<br><br>vs.<br><br>WILLIAM GORE, San Diego County Sheriff,<br><br>                        Respondent. | Case No.: 20cv1772-TWR (MSB)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR RESUBMISSION OF PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>[ECF No. 7] |

      On September 8, 2020, Petitioner, detained at the San Diego County Central Jail awaiting retrial following a hung jury, filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1-2.) He stated he is currently proceeding pro se in state court preparing for retrial and his rights to due process, a fair and speedy trial, and meaningful access to the courts are being denied because the San Diego Central Jail "does not afford the petitioner ample and appropriate law library access as required by the extraordinarily complex and challenging demands of a capital murder defense, and the jail thus bars the petitioner from meaningful access to the Court, and from participating in a fair and speedy trial." (ECF No. 1 at 6, 13-14.) He sought an order from this Court requiring the jail to allow him 20-30 hours per week of law library time. (*Id*. at 14.)

On October 21, 2020, the Court dismissed the Petition without prejudice under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 5 at 2, citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings") and *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983) (holding that those concerns are particularly important in the habeas context).)  The Court found all three criteria for abstention were present and no extraordinary circumstances existed to allow the Court to refrain from abstention. (*Id.*, citing *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (holding that absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claim) and *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."))

On December 10, 2020, 50 days after entry of judgment, Petitioner constructively filed a document titled: "Resubmission of Petition for Review" in which he argues this Court was wrong to find that state procedures provide an adequate opportunity to raise his claims because he has now exhausted state remedies at every level of administrative and state court review but has not obtained the relief he requests, namely, access to the jail law library in excess of the 12-24 hours per month currently available to jail prisoners in order to enable him to adequately defend himself in his upcoming trial, and contending he will have no law library access once his retrial commences. (ECF No. 7 at 2-6.)  Petitioner requests the Court reconsider its prior Order of dismissal, arguing that because he was unable to obtain relief in state court, this Court was wrong to find he had an adequate opportunity to raise his federal claims there, which he also contends establishes extraordinary circumstances to avoid *Younger* abstention. (*Id.*)

## I. Motion for Reconsideration

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) ("The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal.") Here, however, a final order of dismissal has been filed and final judgment has been entered. (ECF Nos. 5-6.)

A motion for reconsideration or relief from a final judgment may be brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991), citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989); *see Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (stating that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'"), quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982). A Rule 59 motion for reconsideration "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P 59(b). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks and citations omitted).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Motions for reconsideration, like the one Petitioner has filed in this case, do not offer parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought through-rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v.*

*Laielli*, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017), citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.")

Petitioner disagrees with the Court's assessment as to whether his case satisfies the criterial to abstain from interference with his ongoing state criminal proceedings. Ultimately, as the party seeking reconsideration under Rule 59(e), he must "show more than a disagreement with the Court's decision," or offer a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). As set forth below, Petitioner has not done so. Neither has he filed his motion within 28 days of entry of judgment. He is therefore not entitled to relief from judgment under Rule 59(e).

Pursuant to Rule 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of (1) mistake, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). The Supreme Court has stated that Rule 60(b) applies to habeas proceedings "only to the extent (it is) not inconsistent with" the limitations on second or successive applications. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). However, "a motion asserting some defect in the integrity of a habeas proceeding, such as a claim of fraud on the federal habeas court," as opposed to attacking the resolution of a claim on the merits, does not constitute a second or successive petition. *Id.* at 534 n.4. Accordingly, it does not appear Petitioner's contention that this Court erred in making the determination that the criteria for *Younger* abstention were properly applied to his case is a second or successive habeas petition, and the Court has jurisdiction to address a Rule 60(b) motion.

Petitioner has made no attempt to satisfy any provision of Rule 60(b) except the exceptional circumstances provision of Rule 60(b)(6). "Rule 60(b)(6) relief normally will

not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971) ("60(b) motions are addressed to the sound discretion of the district court.") Petitioner cannot demonstrate injury because he merely argues that since he did not obtain the relief he sought in state court, this Court erred in finding there are state procedures which provide an adequate opportunity to raise his federal constitutional claims. (ECF No. 7 at 2-6.) But because Petitioner has not shown that the state courts or tribunals were incompetent to address his federal constitutional claims, this prong of *Younger* abstention remains satisfied. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

Petitioner also contends he has shown extraordinary circumstances to avoid *Younger* abstention because he tried and failed to obtain relief in state court or jail administrative procedures. A district court may exercise jurisdiction when *Younger* abstention would otherwise be warranted "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). There are no such allegations here. No irreparable injury could flow from a violation of the federal constitutional rights Petitioner is allegedly facing by a lack of adequate access to the jail law library to prepare for his retrial because such violations can be addressed by the state courts during his retrial or on appeal if he is convicted, and his extraordinary circumstances are grounded only in an alleged anticipated constitutional violation, which is insufficient to justify departure from *Younger* abstention. *See e.g. Bautista v. California*, 2016 WL 5661861, at *2 (C.D. Cal. Sept. 28, 2016) ("[A] claim of constitutional error during the ongoing state proceeding, by itself, is insufficient to invoke an exception to *Younger* abstention."), citing *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) ("[T]he constitutional dimension of the error claimed does

not, by itself, constitute an exception to the application of *Younger* abstention.") Accordingly, to the extent Petitioner's "Resubmission of Petition for Review" is a Rule 60(b) motion for relief from judgment, the motion is denied.

A certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of" a § 2254 petition. *Payton v. Davis*, 906 F.3d 812, 818 n.8 (9th Cir. 2018); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (holding that a certificate of appealability is required to appeal an order denying a Rule 59(e) motion which sought to resurrect a dismissed habeas petition). The Court finds a certificate of appealability inappropriate here because no "jurists of reason would find it debatable whether the district court abused its discretion in denying" a Rule 59(e) or 60(b) motion. *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).

## II. Conclusion and Order

Petitioner's Resubmission of Petition for Review (ECF No. 7), to the extent it is construed as a Motion for Reconsideration or a Motion for Relief from judgment pursuant to Rule 59(e) or 60(b), is **DENIED**. A Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 5, 2021

Honorable Todd W. Robinson
United States District Court